IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION |
| | ) | 11-1098 |
| ANGEL DILLARD, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY,
FOR SUMMARY JUDGMENT**

Angel Dillard, defendant, through her attorney Donald A. McKinney, respectfully moves the Court to dismiss this action pursuant to Fed. R. Civ. Pro. 12(b)(6) or Rule 12(c). Alternatively, should the Court consider the materials offered outside of the pleadings, defendant moves for summary judgment pursuant to Rule 56. In support of this motion, defendant shows the Court:

Plaintiff brings this action under the Freedom of Access to Clinic Entrances Act, 28 U.S.C. (FACE), 18 U.S.C. § 248. When FACE is applied in an attempt to regulate pure speech, the First Amendment requires the statute be narrowly interpreted, and applied with precision.

The government has failed to allege essential elements necessary to state a claim under FACE, and the facts and testimony in this case show that those elements do not exist:

(1) Dillard's speech does not fall within the narrow scope of speech which FACE was intended to regulate. The government has failed to allege that Angel Dillard acted with the requisite intent or motive necessary for FACE to apply. The evidence is that she did not. Dillard's speech was not motivated by abortion services which Means had been or was providing at the time. Dillard's speech was motivated by future activity which Means was considering and hoping to

provide at some future point, activity which Means has yet to perform, may never perform, and which, at this point, is speculative.

(2) Dr. Means has no right of action under FACE and is not yet an "aggrieved person" within the scope of the intended protection of FACE. The government has failed to plead the elements necessary to qualify Means for FACE protection. Nor does the evidence, including the testimony of Means, support such a conclusion. At the time of the subject letter, Dr. Means was not an abortion provider within the meaning of the act. She did not operate a clinic or facility within the intended scope of the act. The few "reproductive services" provided by Dr. Means were not the type which motivated Angel Dillard to write the letter. Dr. Means did not have the training or the facility necessary to provide the abortion services which concerned Mrs. Dillard. Means provision of such services in the future was, and remains, speculative and conditional. Hence, Dr. Means was not a "person [who] is or has been" providing reproductive health services in a standing facility, as defined, intended, and rquired by the act.

(3) The government has failed to allege the elements necessary to provide a basis for a FACE action by the Attorney General. The pleadings, taken as true, fail to identify a qualifying "aggrieved person" or complainant, as well as an actual FACE violation necessary to provide a basis for an action by the Attorney General within the meaning and intent of FACE. Likewise, the facts demonstrate that the requisite elements do not exist for such an action, including the necessary intent by the defendant, a true statutory violation, and a qualifying victim, given the intended scope and legislative history of FACE, as well as the narrow application of FACE required by the First Amendment when regulating speech and the free exercise of religion.

Accordingly, the complaint should be dismissed or summary judgment granted.

Respectfully submitted,

/s/ Donald A. McKinney
Donald A. McKinney, #13415
McKINNEY LAW FIRM
5 Douglas Avenue
Wichita, Kansas 67207-1002
Telephone: (316) 686-1477
Facsimile: (316) 684-7719
E-mail: damlaw1@cox.net
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I certify that on May 4, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Aaron Fleisher
U.S.D.O.J.
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
*Attorney for Plaintiff*

/s/Donald A. McKinney
Donald A. McKinney
Kansas Bar #13415
5 Douglas Avenue
Wichita, Kansas 67207-1002