IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America,

            Plaintiff,

          vs.                        Case No. 11-1098-JTM

Angel Dillard,

            Defendant.


MEMORANDUM AND ORDER

This matter is before the court on the defendant Angel Dillard's Motion for Reconsideration (Dkt. 114) of the court's Order of August 7, 2012, which denied her request (Dkt. 69) to submit an amended counterclaim. (Dkt. 111). For the reasons stated herein, the motion will be denied.

Under D.Kan.R. 7.3, reconsideration may occur if there is "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." A motion to reconsider under Fed.R.Civ.Pr. 60(b) may "only be granted in exceptional circumstances." *Davis v. Kansas Dep't of Corrections*, 507 F.3d 1246, 1248 (10th Cir. 2007). Such circumstances include (1) inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether

previously called intrinsic or extrinsic), misrepresentation or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Rule 60(b) is "an extraordinary procedure permitting the court that entered judgment to grant relief therefrom upon a showing of good cause within the rule." *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir.1983). Relief under Rule 60(b) is "not available to allow a party merely to reargue an issue previously addressed by the court when the re-argument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument," since a Rule 60(b) motion is not a substitute for appeal. *Hilliard v. Dist. Ct. of Comanche County*, 100 F. App'x 816, 819 (10th Cir.2004) (internal quotations omitted).

The defendant's Motion to Reconsider is denied, as the court correctly determined that the dismissal of plaintiff's Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb-1 claims failed to state a claim on the merits. (Dkt. 111, at 7-8). Further, amendment of the RFRA claim was appropriately deemed futile, as the court rejected the defendant's arguments and found that the amended RFRA claims would have still been subject to dismissal. (*Id.* at 9). The defendant has no standing to advance her RFRA claims here, the court finding that her complaints of injuries to her church and jail ministries are properly attributed to the decisions of third parties; the chain of causation premised on the decision of the government in instituting the present action — which the court has found presents

2

at least a colorable case of threatening conduct — is too attenuated to support the defendants RFRA claims against the United States. *See Allen v. Wright*, 468 U.S. 737, 757 (1984).

IT IS ACCORDINGLY ORDERED this 13th day of November, 2012, that the defendant's Motion to Reconsider (Dkt. 114) is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE