## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 11-1098-JTM-KGG |
| | ) |
| ANGEL DILLARD, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## ORDER ON MOTION TO QUASH
## AND/OR MODIFY SUBPOENA
## AND/OR FOR PROTECTIVE ORDER

Now before the Court is the Motion to Quash and/or Modify Subpoena and/or for Protective Order  (Doc. 85) filed by Respondent Dr. Mila Means relating to a subpoena *duces tecum* served on her by Defendant in the above-captioned matter (Doc. 85-1.)  Having reviewed the submissions of the parties, the Court **GRANTS in part** and **DENIES in part** Respondent's motion.

### FACTS

This is a civil action filed by the United States of America against Defendant Angel Dillard alleging a violation of the Freedom Access to Clinic Entrances Act ("FACE"), 18 U.S.C. § 248 (1994).  (Doc. 1.)  The United States alleges that it has

"reasonable cause to believe:  (1) Defendant . . . has committed, and is likely to continue to commit, violations of FACE; and (2) various persons are being, have been, and will continue to be injured, intimidated and/or interfered with by Defendant's conduct."  (*Id*., at 1.)

The facts of this case relate to Respondent Dr. Mila Means, a family practitioner, who plaintiff alleges has been "training to provide abortion services in Wichita" (*Id*., at 2) following the May 31, 2009, murder of Dr. George Tiller, who previously provided abortion services in Wichita.  Plaintiff alleges that Defendant made threats to Respondent "for the purpose of intimidating [her] from performing abortions in Wichita."  (*Id*.)

## **ANALYSIS**

Federal Rule of Civil Procedure 26(c) governs protective orders and provides, in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending.... The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>                         * * *
> (A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place, for the
disclosure or discovery;
* * *
(D) forbidding inquiry into certain matters, or limiting
the scope of disclosure or discovery to certain matters;....

Fed.R.Civ.P. 26(c)(1).

The party seeking to quash a subpoena must show "good cause" for the
requested protective order. *Id*.; *Sloan v. Overton*, No. 08-2571-JAR-DJW, 2010
WL 3724873 (D.Kan. Sept. 17, 2010). To establish "good cause" within the
meaning of Rule 26(c), the party must clearly define the potential injury to be
caused by dissemination of the information. *Zhou v. Pittsburg State Univ.*, No.
01-2493-KHV, 2002 WL 1932538, at *2 (D.Kan. July 25, 2002).

Respondent raises various issues in regard to seven categories of documents
requested in via a subpoena *duces tecum*. (*See generally*, Doc. 85.) The Court will
address each category in turn.

A.     **Documents Reviewed by Witness (Category No. 1)**.

Category No. 1 seeks "[a]ll documents which the witness reviewed, referred
to, generated, and/or received in preparation for the deposition." Respondent
contends that "[t]he basis of the motion is that production of documents discussed
with her attorney which were neither shown nor used to refresh her memory
invades the attorney client privilege." (Doc. 85, at 2-3.) The Court does not agree
with Respondent's argument, which appears to be that the only documents used

3

during deposition preparation that are discoverable are those which were used to refresh her memory.  The Court is aware of no case law supporting such a position. Neither Fed.R.Evid. 612 nor the case law cited by Respondent create a privilege protecting documents shown to a witness by her attorney prior to a deposition. Indeed, *Audiotext Commc'ns Network, Inc. v. U.S. Telecom, Inc*, relied on by Respondent, expressly rejects such a privilege.  164 F.R.D. 250, 252-54 (D. Kan. 1993).  Respondent continues that "pure discussions about the subjects of documents might be 'referred to' in deposition preparation, thus protected by the attorney client privilege [sic]."  (*Id*., at 3.)  Saying that unspecified "subjects of documents" are "protected" by the attorney client privilege as a result of merely being mentioned during discussions with counsel wholly fails to establish a showing of privilege.[1]  Simply stated, Respondent has failed to provide the required support for her claim of attorney-client privilege.  *Presbyterian Manors, Inc. v. Simplexgrinnel, L.P.*, No. 09-2656-KHV, 2010 WL 3880027, at *5 (D.Kan. Sept. 28, 2010).  Respondent's motion is **DENIED** in regard to Category No. 1.

**B.    Documents Possessed by Deponent (Category No. 2)**.

---

[1] Of course, the actual discussions between the witness and her attorney concerning the documents are privileged.  Notably, the document inquiry at issue here did not request documents "discussed with counsel."  A request in that form would be objectionable as invading the attorney-client privilege because the response would reveal the protected conversation.  Here, however, a request for documents reviewed by the witness does implicate the privilege just because some (or all) of the documents were discussed with counsel.

Category No. 2 seeks "[a]ll documents in the possession or control of deponent . . . which relate to, in any manner, the above-captioned matter." (Doc. 85, at 3.) Respondent objects that this category "fails to specify the documents requested with reasonable particularity and that it is overly broad and burdensome." (*Id.*, at 4.) Defendant argues that the category is sufficiently particular as it seeks "'all notes, statements, reports, or other documents created or maintained by the witness' which 'relate to' this case." (Doc. 105, at 8.) Defendant apparently is of the opinion that because he has listed the *format* of documents requested, this is adequate. Defendant contends that the phrases "relates to" or "pertains to" have "long been upheld by courts as sufficient to describe the requested documents with reasonable particularity, so as not to constitute vague or overly broad [sic]." (*Id.*)

Defendant's argument is misplaced. "Relates to" and "pertains to" are considered "omnibus terms." It is well established

> that Courts in this District have held that a discovery request may be facially overly broad if it uses an 'omnibus term' such as 'relating to,' 'pertaining to,' or 'concerning.' ***Johnson v. Kraft Foods North America, Inc.***, 238 F.R.D. 648, 658 (D.Kan.2006) (citing ***Cardenas v. Dorel Juvenile Group, Inc.***, 232 F.R.D. 377, 382 (D.Kan.2005) (internal citations omitted)). 'That rule, however, applies only when the omnibus term is used with respect to a general category or broad range of documents.' *Id. See also **Sonnino v. University of Kansas Hosp. Authority**,* 221 F.R.D. 661, 667

5

(D.Kan.2004); *Aikens v. Deluxe Fin. Servs., Inc.*, 217
F.R.D. 533, 538 (D.Kan.2003).

>       Courts want to avoid a situation in which a party
> upon whom discovery is served needs 'either to guess or
> move through mental gymnastics ... to determine which
> of many pieces of paper may conceivably contain some
> detail, either obvious or hidden, within the scope of the
> request.' *Id*. 'When, however, the omnibus phrase
> modifies a sufficiently specific type of information,
> document, or event, rather than large or general
> categories of information or documents, the request will
> not be deemed objectionable on its face.' *Id*.

*Union Pacific R. Co. V. Grede Foundries, Inc*., No. 07-1279-MLB-DWB, 2008

WL 4148591, at *4 (D. Kan. Sept. 3, 2008).

An example of a document request in *Union Pacific* that included an

omnibus term but was found to have used that term to "modify a sufficiently

specific type of information" was a discovery request seeking "all writings,

recordings, and ESI relating in any way to any efforts by Union Pacific to repair or

reconstruct the allegedly weakened track bed and structure." *Id*., at 4. The *Union*

*Pacific* court held that the omnibus term "relating to" was permissible "[g]iven the

clarified geographic and temporal scope Defendant previously supplied to

Plaintiff," which further limited the request as to place and time. *Id*.

On the other hand, the *Union Pacific* court found that a request seeking all

documents "relating to track maintenance" was not an appropriate use of the

omnibus term. *Id*., at 5. In sustaining the plaintiff's overbreadth objection, that

Court "agree[d] with Plaintiff that the use of the generic term 'track maintenance' coupled with the omnibus term 'relating to' is facially overbroad." *Id*.

The Court finds that Category No. 2 from the subpoena at issue is even <u>less</u> specific than the wording contained in the "track maintenance" request in ***Union Pacific***. Defendant has made no effort to specify or narrow the *subject matter* of the documents requested. Rather, he has only enumerated *formats* of documents ("notes, statements, reports, or other documents"). This is clearly <u>not</u> the type of particularity required to withstand the objection to Defendant's use of the omnibus term "relate to." Defendant has failed to request a "sufficiently specific type of information," but instead seeks the most general categories of documents possible. ***Johnson***, 238 F.R.D. at 658. Respondent's motion is, therefore, **GRANTED** in regard to Category No. 2.

## C. Respondent's Agreements or Communications with Plaintiff (Category No. 4).

Category No. 4 in the subpoena at issue requests documents "relating to any and all agreements, correspondence, statements and other documents or communications between [Respondent] . . . and the plaintiff in this matter." (Doc. 85, at 4.) Respondent objects that this category "calls for production of communications between her attorney and attorneys of the plaintiff on the grounds that such documents are privileged by virtue of a common interest privilege." (*Id*., at 4-5.)

> The common interest doctrine 'affords two parties with a common legal interest a safe harbor where they can openly share privileged information' without risking the waiver of the privilege. *U.S. Fire Ins. Co. v. Bunge N. Am. Inc.*, No. 05–2192–JWL–DJW, 2006 WL 3715927, at *1 (D. Kan. Dec. 12 2006) (citing *Sawyer v. Southwest Airlines*, No. 01–2385–KHV, 2002 WL 31928442, at *3 (D.Kan. Dec. 23, 2002)). The doctrine is not a separate privilege, but rather an exception to the waiver of a privilege. *Id.*, at *2.

*U.S. ex rel. Minge v. TECT Aerospace, Inc*., No. 07-1212-MLB-KGG, 2011 WL 1885934, at *5 (D.Kan. May 19, 2011).

Defendant argues that Respondent is "not a party to this case," is not "represented by counsel for the government," and "has no connection with the plaintiff" other than this case. (Doc. 105, at 12.) The Court agrees that Respondent is not represented by the same counsel as Plaintiff, but this is not persuasive as this is one of the reasons for Respondent wanting to invoke the common interest doctrine. Further, the Court agrees with Defendant that Respondent's connection with Plaintiff is the present case. That connection is, however, what makes the application of the common interest doctrine appropriate. But for Defendant's alleged threats to Respondent, no cause of action would exist for Plaintiff to bring against Defendant. *Accord Minge*, 2011 WL 1885934, at *5 (holding that in a False Claims Act *qui tam* action where relators are prosecuting the claim "on behalf of 'themselves and the United States Government,'"

8

documents prepared for purposes of that litigation fell under the common interest doctrine).

In the matter presently before the Court, Respondent's allegations *are* Plaintiff's case, which is the very nucleus of Respondent's common legal interest with Plaintiff.  It is necessary for Respondent and counsel for Plaintiff to be able to communicate freely in that context.  As such, counsel for Plaintiff has not waived any existing privilege as a result of sharing information with Respondent.

However, the inquiry does not end here.  The common interest doctrine does not create a privilege, but only provides an exception to waiver. ***U.S. ex rel. Minge v. TECT Aerospace, Inc***., *supra*. Any information not otherwise privileged does not become privileged merely because Plaintiff's counsel shares the same with Respondent and/or her counsel.  The Respondent's objection that the request is objectionable on the grounds of a "common interest privilege" is erroneous.  Such communications are only protected if the content is protected by a separate privilege, such as the attorney-client communications or work product privilege.

Respondent's motion is provisionally **GRANTED** in regard to Category No. 4.  Respondent shall provide an appropriate privilege log within **14 days** of the date of this Order sufficient to for the Respondent to assert and the Defendant to evaluate any underlying claim of privilege, concerning any communications Respondent claims are covered by a separate privilege.  For communications which

are not protected by a separate privilege, the motion is **DENIED**, and Respondent

shall produce the documents.

**D.     Records of Respondent's Training (Category No. 9)**.

The next category at issue seeks documents "relating to any training

[Respondent] has received, or plans to receive, regarding the provision of

abortions."  (Doc. 85, at 6.)  Respondent objects that this seeks "production of

privileged documents or other protected matter including trade secrets or business

confidential matters."  (*Id*.)

The Court finds that Respondent has not adequately supported her claim of

confidentiality or a trade secret.  Respondent references a confidentiality

agreement she signed encompassing "any training information, syllabi, or other

information she received" regarding her abortion training.  (*Id*.)  This is

insufficient to quash production of the requested information because "'a concern

for protecting confidentiality does not equate to privilege.'"  *Shoemake v.*

*McCormick, Summers & Talarico II, LLC*, No. 10-2514-RDR, 2011 WL

5553652, at *3 (D.Kan. Nov. 15, 2011) (citing *Jones v. Wet Seal Retail, Inc.*, 245

F.R.D. 724, 726 (D.Kan. 2007) (internal citation omitted)).  "Instead, a party may

request the Court enter a protective order pursuant to Fed.R.Civ.P. 26(c) as a

means to protect any confidential information."  *Id*.  While the actual relevance of

evidence concerning Respondent's training is debatable, Plaintiff has apparently

relied upon this fact as important to its claims.  (*See* Doc. 1, at ¶ 9.)  The Court

finds such a protective order to be the appropriate remedy for this dispute as well.

Respondent's motion is, thus, **DENIED** in regard to Category No. 9.

**E.    Leasing or Funding Information (Categories Nos. 10 and 11)**.

Category No. 10 requests Respondent's records "relating to any efforts . . .

to lease or otherwise obtain a clinic or facility in which to provide abortions.

Category No. 11 seeks documents regarding Respondent's "efforts . . . to obtain

funding for a clinic or facility in which to provide abortions."  (Doc. 85, at 7.)

Respondent objects that these categories of information "are wholly irrelevant to

any material issue, calls for sensitive information which could subject individuals

identified to threats, or other intrusions in their privacy and/or violations of their

First Amendment rights."  (*Id.*)  As an initial matter, the Court finds that

Respondent does not have standing to raise First Amendment rights of other

individuals.  ***Harris v. McRae***, 448 U.S. 297, 299, 100 S.Ct. 2671, 65 L.Ed.2d 784

(1980).

On the subject of relevance, Federal Rule of Civil Procedure 26(b)(1)

provides, in part:

> [u]nless otherwise limited by court order, the scope of
> discovery is as follows:  Parties may obtain discovery
> regarding any nonprivileged matter that is relevant to any
> party's claim or defense-including the existence,
> description, nature, custody, condition, and location of
> any documents or other tangible things and the identity

and location of persons who know of any discoverable
matter.  For good cause, the court may order discovery of
any matter relevant to the subject matter involved in the
action.  Relevant information need not be admissible at
the trial if the discovery appears reasonably calculated to
lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1).

"[T]he scope of discovery under a subpoena is the same as the scope of
discovery under Rules 26(b) and 34." ***Goodyear Tire & Rubber Co. v. Kirk's Tire
& Auto Servicenter of Haverstraw, Inc***., 211 F.R.D. 658, 622 (D. Kan. 2003)
(citations omitted).  "'Discovery relevance is minimal relevance,' which means it is
possible and reasonably calculated that the request will lead to the discovery of
admissible evidence." ***Teichgraeber v. Memorial Union Corp. of Emporia State
University***, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted).

"Relevance is broadly construed at the discovery stage of the litigation and a
request for discovery should be considered relevant if there is any possibility the
information sought may be relevant to the subject matter of the action." ***Smith v.
MCI Telecommunications Corp.***, 137 F.R.D. 25, 27 (D.Kan.1991).  Stated another
way, "discovery should ordinarily be allowed unless it is clear that the information
sought can have no possible bearing on the subject matter of the action." ***Snowden
By and Through Victor v. Connaught Lab.***, 137 F.R.D. 325, 341 (D.Kan.1991),
appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991).  The issue is not whether

the information will be admissible at trial, but whether it meets discovery threshold of relevancy.

Defendant argues that the information sought is relevant because FACE "is intended to protect standing facilities and persons actually engaged in services at those facilities, or seeking to provide services at such extant facilities." (Doc. 105, at 17.) Defendant alleges to have been "motivated by [Respondent's] unrealized desire to provide abortions at some unknown future time, in a yet-to-be-opened facility." (*Id.*) Defendant continues that Respondent "testified that before this 'hypothetical' goal could bet met, several factors had to be fulfilled, including completion of her training, the leasing of a facility, and funding." (*Id.*) Defendant argues that the motion to dismiss filed on her behalf further establishes the relevancy of these topics. (*Id.*, at 16; *se also* Docs. 54, 55.)

In ruling on various dispositive motions filed by the parties, the District Court did not agree with Defendant's argument. Rather, the District Court denied Defendant's Motion to Dismiss, holding that

> even if the defendant's legal argument was valid, the facts before the court do not support the relief sought. There is evidence that Dr. Means currently provides reproductive health services in general. In addition, she specifically denied during cross examination the suggestion that she did not perform abortion services, stating 'Well, in training, with someone over your shoulder you actually do perform abortions.' (Tr. 59). She also expressed concern that the defendant may have been motivated by her present training as opposed to her

future plans: 'I can't read between the lines and know how offended she may be about the abortions I do as part of my training.' (Tr. 60).

Second, the court finds that the statute is properly read to apply to true threats directed at discouraging physicians from completing training for the provision of abortion services.  While the decisions cited by the defendant do discuss some elements of the requirements of FACE, none do so in the context of the 'present tense' argument she advocates here.  *See **Sharpe v. Conole***, 386 F.3d 482, 484 (11th Cir. 2004) (FACE requires proof that 'the intent to injure, intimidate, or interfere existed because of the motivation specified by the statute'); ***Raney v. Aware Woman Center for Choice, Inc.***, 224 F.3d 1266, 1268-9 (11th Cir. 2000) (holding that FACE does not extend to 'unregulated volunteer counselors who are not attached to recognized providers of reproductive healthcare'); ***United States v. Operation Rescue Nat***., 111 F.Supp.2d 948, 953 (S.D.Ohio1999) (observing generally that FACE applies to threats where to a 'person is or has been obtaining or providing reproductive health services').

More importantly, the defendant's argument that '[t]he use of the present tense throughout the act and its definitions is neither coincidental nor meaningless,' (Doc. 55, at 6) rests on a flawed premise.  The Act does not always speaks in the present tense; 18 U.S.C. § 248(c)(1) provides protection for any person 'providing or seeking to provide, or obtaining or seeking to obtain, services in a facility that provides reproductive health services.'  (Emphasis added).

Thus, courts have recognized that violence directed at thwarting the future provision of abortion services falls within the Act.  *See, e.g.*, ***Lotierzo v. A Woman's World Med. Ctr.***, 278 F.3d 1180 (11th Cir. 2002) (Act applies to violent threats made against a person who 'has sought or provided, or is seeking or providing, or will seek or provide, reproductive health services'); ***New York ex rel. Spitzer v. Cain***, 418 F.Supp.2d 457, 476, 477 (S.D.N.Y.,2006) (Act applies to threats against a person

14

'seeking, obtaining, or providing, or had obtained or provided, or might obtain or provide, reproductive health services') (emphasis added; quotation omitted).

(Doc. 111, at 10-12.)

As such, this Court sustains Respondent's objection that the information requested is wholly irrelevant to the matters currently pending in this case. Respondent's motion is, therefore, **GRANTED** in regard to Categories Nos. 10 and 11.

**F.    Investigations of Respondent (Category No. 12).**

Finally, Defendant's Category No. 12 seeks documents "relating to any law enforcement investigation, disciplinary investigation, administrative investigation or proceeding and/or any disciplinary proceeding or criminal matter involving or relating to" Respondent.  (Doc. 85, at 9.)  Respondent objections that the information is "wholly irrelevant to any material issue, calls for sensitive information and which prejudicial effect outweighs any probative value."  (*Id*.)

Defendant contends that the information "is a matter of public record, according to interviews given by [Respondent] herself in newspapers, that she has been the subject of disciplinary investigation and findings."  (Doc. 105, at 19.) Respondent's reply does not dispute this.  (Doc. 110, at 8.)

As for Respondent's objection that the information is more probative than prejudicial, Defendant argues that this "is an evidentiary objection concerning

15

admissibility at trial, not a proper objection at the discovery stage." (Doc. 105, at 19.) The Court agrees. *See **Orleman v. Jumpking, Inc.***, No. 99-2522-CM, 2000 WL 1114849, at *1 (D.Kan. July 11, 2000) (holding that information need not be admissible at trial to be relevant during the discovery phase).

This leaves the Court to address Respondent's relevance objection. Although the scope of discovery is broad, it is not unlimited. If the proponent of a discovery request has failed to specify how the information is relevant, the Court will not require a respondent to produce the evidence. ***Gheesling v. Chater***, 162 F.R.D. 649 (D.Kan.1995).

Defendant argues that this type of information is "standard discovery" and "reasonably calculated to lead to admissible evidence on a host of issues, including [Respondent's] credibility as a witness as well as her ability and likelihood to ever become a qualified abortion provider with a facility and funding which might qualify her for the type of protection" afforded by FACE. (Doc. 105, at 20.)

Given the District Court's decision on Defendant's Motion to Dismiss, *supra*, the Court cannot agree with Defendant's reasoning. (*See* Doc. 111, at 10-12.) Respondent's relevance objection is sustained and her motion is **GRANTED** in regard to Category No. 12.

IT IS THEREFORE ORDERED that Respondent's Motion to Quash and/or Modify Subpoena and/or for Protective Order (Doc. 85) is **GRANTED in part** and

**DENIED in part** as more fully set forth above.  Responsive documents shall be served on Defendant from Respondent within **30 days** of the date of this Order.

  **IT IS SO ORDERED.**

  Dated this 7th day of January, 2013, at Wichita, Kansas.

          S/ KENNETH G. GALE_____
          HON. KENNETH G. GALE
          U.S. MAGISTRATE JUDGE