IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 11-CV-1098-JTM |
| | ) | |
| ANGEL DILLARD, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## **DEFENDANT'S REQUESTED JURY INSTRUCTIONS**

Respectfully submitted,

/s   Craig Shultz_____
Craig Shultz, #09731
Shultz Law Office, P.A.
445 N. Waco
Wichita, KS 67202
Telephone: (316) 269-2284
Fax: (316) 269-2011
E-mail: craig@shultzlaw.net
Email: michael@shultzlaw.net
Email:  Patrick@shultzlaw.net
*Attorneys for Defendant*

/s   Theresa L. Sidebotham_____
Theresa L. Sidebotham,* CO # 36713
TELIOS LAW, PLLC
1840 Deer Creek Rd, Suite 101
Monument, CO 80132
TELEPHONE: (855) 748-4201
FACSIMILE: (775) 248-8147
tls@telioslaw.com
*Attorneys for Defendant*
*Appearing Pro Hac Vice

## INSTRUCTION NO. _____

The Government has commenced a civil action against the Defendant for committing a crime in violation of the Freedom of Access to Clinic Entrances Act, 18 U.S.C. §248.

It is a Federal crime for anyone to use a threat of force for the purpose of intimidating a person from providing reproductive-health services.

Angel Dillard can be found guilty of this crime only if all the following facts are proven beyond a reasonable doubt:

*First:*      Angel Dillard used a threat of force in that:

(a) a reasonable person in the position of Mila Means, with the knowledge then available to her, would have believed Angel Dillard's statements to communicate a serious expression of Angel Dillard's intent to commit an act of unlawful violence; and

(b) Angel Dillard meant and understood her own statements to communicate a serious expression of an intent to commit an act of unlawful violence; and

*Second:*    Angel Dillard did so in order to intimidate Mila Means from providing reproductive health services.

**18 U.S.C. 248;**
**10.1 Fed. 11th Cir. Pattern Criminal Jury Instructions (modified**)

**INSTRUCTION NO. _____**

The Government has commenced a civil action against the Defendant for committing a crime in violation of the Freedom of Access to Clinic Entrances Act, 18 U.S.C. §248.

It is a Federal crime for anyone to use a threat of force for the purpose of intimidating a person from providing reproductive-health services.

Angel Dillard can be found guilty of this crime only if all the following facts are proven by clear and convincing evidence:

*First:*        Angel Dillard used a threat of force in that:

(a) a reasonable person in the position of Mila Means, with the knowledge then available to her, would have believed Angel Dillard's statements to communicate a serious expression of Angel Dillard's intent to commit an act of unlawful violence; and

(b) Angel Dillard meant and understood her own statements to communicate a serious expression of an intent to commit an act of unlawful violence; and

*Second:*    Angel Dillard did so in order to intimidate Mila Means from providing reproductive health services.

**18 U.S.C. 248;**
**10.1 Fed. 11th Cir. Pattern Criminal Jury Instructions (modified**)
**As Alternative to Reasonable Doubt Standard**

**INSTRUCTION NO. _____**

The first element that the Government must prove beyond a reasonable doubt is that the defendant used a threat of force.  In so doing, you must find that any "threat of force" is a "true threat".

A "true threat" is a statement where the speaker meant to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals. The speaker must want the recipient to believe that the speaker intends to act violently, and wants to place the speaker in fear, knowing that a reasonable recipient would take such communication as a serious expression of violence.  The threat must convey a gravity of purpose and a likelihood of execution.

In determining whether a statement is a "true threat," you may consider the imminent nature of any statements (whether they will happen soon), the conditional nature of any statements (whether such actions may or may not take place in the future), and the personal aspect of any statements (whether or not the Defendant expressed any personal intent to do or cause those actions).  A "true threat" must reasonably be interpreted as communicating the Defendant's own intent, purpose, or goal of engaging in violence.

A person acts "intentionally" or "with intent" only if she acts with a specific purpose to cause a certain or specific result.


*U.S. v. Dillard*, 795 F.3d 1191, 1199-1200 (10th Cir. 2015);
*U.S. v. Dillard*, No. 11-CV-1098-JTM, at 16 (D. Kan. 2013);
*U.S. v. Heineman*, 767 F.3d 970 (10th Cir. 2014);
*U.S. v. Sandoval*, 696 F.3d 1011 (2012);
**52.010 Kan. Pattern Criminal Jury Instructions (modified).**

**INSTRUCTION NO. _____**

The first element that the Government must prove by clear and convincing evidence is that the defendant used a threat of force.  In so doing, you must find that any "threat of force" is a "true threat".

A "true threat" is a statement where the speaker meant to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals. The speaker must want the recipient to believe that the speaker intends to act violently, and wants to place the speaker in fear, knowing that a reasonable recipient would take such communication as a serious expression of violence.  The threat must convey a gravity of purpose and a likelihood of execution.

In determining whether a statement is a "true threat," you may consider the imminent nature of any statements (whether they will happen soon), the conditional nature of any statements (whether such actions may or may not take place in the future), and the personal aspect of any statements (whether or not the Defendant expressed any personal intent to do or cause those actions).  A "true threat" must reasonably be interpreted as communicating the Defendant's own intent, purpose, or goal of engaging in violence.

A person acts "intentionally" or "with intent" only if she acts with a specific purpose to cause a certain or specific result.

*U.S. v. Dillard*, 795 F.3d 1191, 1199-1200, 1207 (10th Cir. 2015);
*U.S. v. Dillard*, No. 11-CV-1098-JTM, at 16 (D. Kan. 2013);
*U.S. v. Heineman*, 767 F.3d 970 (10th Cir. 2014);
*U.S. v. Sandoval*, 696 F.3d 1011 (2012);
**52.010 Kan. Pattern Criminal Jury Instructions (modified);**
**As Alternative to Beyond a Reasonable Doubt**

**INSTRUCTION NO. _____**

The second element the Government must prove is that the Defendant committed the acts described in element one in order to intimidate Mila Means from providing reproductive health services.  In doing so, you must determine the Defendant's intended purpose in making the communication based on all the evidence, including the language and context in which the Defendant delivered the communication.

The term "reproductive health services" means reproductive health services provided in a hospital, clinic, physician's office, or other facility, and includes medical, surgical, counselling or referral services relating to the human reproductive system, including services relating to pregnancy or the termination of the pregnancy.

To "intimidate" a person means to place a person in reasonable apprehension of bodily harm to him- or herself or to another.

**18 U.S.C. § 248(e)(3), (5) (in part).**

**INSTRUCTION NO. _____**

While you must consider all of the evidence, you need not accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony.  In weighing the testimony of a witness, you should consider the witness's: 1) relationship to the other party or parties; 2) interest, if any, in the outcome of the case; 3) manner of testifying; 4) opportunity to observe or acquire knowledge concerning the facts about which he or she testified; and 5) candor, fairness and intelligence. You should also consider the extent to which other credible evidence supports or contradicts the witness. In short, you may accept or reject in whole or in part, the testimony of any witness.

Also, the weight of the evidence is not necessarily determined by how many witnesses testify as to the existence or nonexistence of any fact. You may find fewer witnesses' testimony about any fact more credible than that of more witnesses to the contrary.

**1.08 10th Cir Crim Pik (modified)**

## INSTRUCTION NO. _____

The testimony of a witness may be discredited or "impeached" by showing that his or her testimony at trial differs in some significant way from statements this witness made before the trial. This difference may be direct, where the witness's prior statements literally contradict the trial testimony, or it may be indirect, as where a witness provides testimony at trial that the witness did not reveal earlier when he or she had the opportunity and reason to speak and did not do so, and, further, does not provide an adequate explanation for the silence. You are to decide if the explanation is adequate.

You are to determine the weight, if any, to be given a witness's testimony whose trial testimony varies from the witness's earlier statements. If you conclude a witness has knowingly testified falsely about any matter, you may distrust that witness's testimony regarding any other matters. You may reject that witness's testimony completely or give it such weight as you think it deserves.

**INSTRUCTION NO. _____**

**[Burden of Proof – beyond a reasonable doubt]**

The government has the burden of proving the defendant committed the acts complained of beyond a reasonable doubt. The law does not require a defendant to prove she did or did not commit the acts or to produce any evidence at all. The government has the burden of proving the defendant committed the acts in the complaint beyond a reasonable doubt, and if it fails to do so, you must find for the defendant.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant committed the crime charged, you must find her guilty.  If on the other hand, you think there is a real possibility that she is not guilty, you must give her the benefit of the doubt and find her not guilty.

**1.05 10th Cir Crim Pik (modified)**

**INSTRUCTION NO. _____**

**Burden of Proof – Clear and Convincing Evidence**

Burden of proof means burden of persuasion. The Government has the burden to prove the acts complained of, and must persuade you of the truth of that claim by clear and convincing evidence.

In determining whether the Government has met this burden you must consider all admitted evidence, whether presented by the Government or defendant. Evidence is clear and convincing if it shows that the truth of the fact asserted is highly probable.

**102.11 Kan. PIK Civil (modified);**

*Santosky et. al. v. Kramer*, 455 U.S. 745, 755-56 (1982); *Addington v. Texas*, 441 U.S. 418, 424 **(1979).**

**INSTRUCTION NO. _____**

The defendant has offered evidence of someone's opinion as to her good character. You should consider such evidence along with all the other evidence in the case.

Evidence of good character may be sufficient to raise a reasonable doubt whether the defendant is guilty, because you may think it improbable that a person of good character would commit such a crime. Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt.

You should also consider any evidence offered to rebut the evidence offered by the defendant.

**1.09 10th Cir. PIK**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| VS. | ) | NO. 6:11-CV-1098-JTM |
| | ) | |
| ANGEL DILLARD, | ) | |
| | ) | |
| Defendant. | ) | |

**JURY VERDICT FORM**

We, the Jury, being duly impaneled and sworn to try the above-entitled case, unanimously find the following answers to the questions submitted by the Court regarding Defendant Angel Dillard:

1.     Would a reasonable person in the position of Mila Means, with the knowledge then available to her, have believed the January 19, 2011 letter to be a threat by Angel Dillard to commit an unlawful act of violence against her?

Answer Yes or No _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

2.     Did Angel Dillard intend Mila Means to be placed in fear of an act of violence, in that Angel Dillard meant and understood the words of the January 19, 2011 letter to communicate a threat of force?

Answer Yes or No _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

3.      Did Angel Dillard communicate a threat of force in order to intimidate Mila Means from providing reproductive health services?

Answer Yes or No _____


If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If you answered "Yes," to questions 1-3, your verdict should be in favor of The United States.



Date:_____         _____
                                                   Presiding Juror

**CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2016, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record in this case.

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: None.


/s Craig Shultz
Craig Shultz