UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| ANGEL DILLARD, | : | No. 6:11-cv-1098-JTM-KGG |
| Defendant. | : | |

**UNITED STATES' MOTION *IN LIMINE* TO EXCLUDE
EVIDENCE OF VICTIM'S PERSONAL MEDICAL HISTORY**

The United States respectfully moves this Court for an Order precluding Defendant from introducing any evidence of Dr. Mila Means' personal medical history at trial, and in support of this motion, states as follows:

**BACKGROUND**

The United States brought this action pursuant to the Freedom of Access to Clinic Entrances Act ("FACE"), 18 U.S.C. § 248 (1994), because Defendant mailed a letter that constituted a threat of force to Dr. Mila Means in order to intimidate her from her professed goal of performing abortions in Wichita.

Dr. Means was intimidated by the letter. Defendant, however, argues that Dr. Means' fears upon receiving the letter were not reasonable (Dkt. 178, Pretrial Order at 7), and that she is "hyper-sensitive." (Appellee's Response and Principal Brief on Cross-Appeal at 9, *United States v. Dillard*, 795 F.3d 1191 (10th Cir. 2015) (Nos. 13–3253, 13–3266), 2015 WL 4747924). Defendant should be precluded from making any reference to Dr. Means' personal medical

information related to this contention because it is irrelevant to the subjective inquiry regarding whether a reasonable person in Dr. Means position would have read the letter as a threat of force.

## ARGUMENT

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.  Irrelevant evidence must not be admitted.  Fed. R. Evid. 402.  The Court has broad discretion to exclude irrelevant or unfairly prejudicial evidence from trial.  *United States v. Jordan*, 485 F.3d 1214, 1218 (10th Cir. 2007).

At issue in this case is whether Defendant's letter to Dr. Means was a threat of force.  A writing constitutes a "true threat" actionable under FACE if it conveys a serious expression of an intent to commit an act of unlawful violence against a particular individual, which under the circumstances would cause apprehension in a reasonable person.  *U.S. v. Dillard*, 795 F.3d 1191, 1199 (10th Cir. 2015)(citing *Virginia v. Black*, 538 U.S. 343, 359 (2003)); *U.S. v. Magleby,* 241 F.3d 1306, 1311 (10th Cir.2001); *Nielander v. Bd. of Comm'rs,* 582 F.3d 1155, 1167–68 (10th Cir. 2009).

The inquiry is not subjective:   the jury does not need to decide "whether it was reasonable *for Dr. Means herself* to feel apprehension" after receiving Defendant's letter. Rather, the inquiry is objective:  the jury must instead decide "whether *a reasonable person in Dr. Means' position* would have reacted to Defendant's letter as a threat of force."  *See Dillard*, 795 F.3d at 1199.  Evidence concerning Dr. Means' potential sensitivity or her personal medical history is simply not relevant to the objective inquiry into how a reasonable person would react in the same context and under the same circumstances.

Dr. Means also has a strong privacy interest in keeping her personal medical history private. The Tenth Circuit has reviewed Dr. Means' medical information that had been filed under seal in this case. The Tenth Circuit found that the information is the "type of sensitive medical information that should remain under seal" and declined to make the information public by unsealing it. This information, which is not relevant to the issues in this case, should similarly remain out of public view at trial.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court preclude any evidence concerning Dr. Means' personal medical history from being introduced at trial.

Dated:  April 6, 2016

Respectfully submitted,

| | |
|---|---|
| BARRY R. GRISSOM | VANITA GUPTA |
| United States Attorney | Principal Deputy Assistant Attorney General |
| District of Kansas | Civil Rights Division |
| | |
| | STEVEN H. ROSENBAUM |
| | Chief |
| | Special Litigation Section |
| | |
| | JULIE K. ABBATE |
| | Deputy Chief |
| | Special Litigation Section |
| | |
| | */s/ Richard Goemann* |
| By:  Emily Metzger | RICHARD GOEMANN |
| Assistant United States Attorney | Trial Attorney |
| 1200 Epic Center | United States Department of Justice |
| 301 N. Main St. | Civil Rights Division |
| Wichita, KS 67202 | Special Litigation Section |
| Kansas Bar No. 10750 | 950 Pennsylvania Ave., N.W. |
| (316) 269-6481 | Washington, DC  20530 |
| (316) 269-6484 (fax) | (202) 353-1313 |
| | (202) 514-6903 (fax) |
| | richard.goemann@usdoj.gov |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| ANGEL DILLARD, | : | No. 6:11-cv-1098-JTM |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will provide notice of such filing to all registered parties.

*/s/ Richard Goemann*
RICHARD GOEMANN
Trial Attorney
United States Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Ave., N.W.
Washington, DC  20530
(202) 353-1313
(202) 514-6903 (fax)
richard.goemann@usdoj.gov