UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | CIVIL ACTION |
| v.  ) | |
| ) | No. 6:11-cv-1098-JTM-KGG |
| ANGEL DILLARD,  ) | |
| ) | |
| Defendant.  ) | |

# PROPOSED JURY INSTRUCTIONS OF PLAINTIFF UNITED STATES OF AMERICA

The United States of America, through undersigned counsel, respectfully submits the following proposed jury instructions for inclusion in the charge to the jury.

# UNITED STATES' PROPOSED JURY INSTRUCTION NO. 1

## CONTENTIONS OF THE UNITED STATES

In this case, the Plaintiff United States of America contends that Defendant Angel Dillard wrote and mailed a letter to Dr. Mila Means, which stated among other provisions, that,

"I urge you to think very carefully about the choices you are making. . . . We will not let this abomination continue without doing everything we can to stop it."

"Maybe you don't realize the consequences of killing the innocent. If Tiller could speak from hell, he would tell you what a soulless existence you are purposefully considering, all in the name of greed."

And, "Thousands of people are already looking into your background, not just in Wichita, but from all over the US. They will know your habits and routines. They will know where you shop, who your friends are, what you drive, where you live. You will be checking under your car everyday-because maybe today is the day someone places an explosive under it."

The United States contends that these statements, independently and taken together, constitute a threat of force intended to intimidate or attempt to intimidate Dr. Mila Means from providing reproductive services in Wichita, Kansas.

2

## UNITED STATES' PROPOSED JURY INSTRUCTION NO. 2

### ELEMENTS OF THE OFFENSE

To prevail, the United States must prove by a preponderance of the evidence that:

First:         Defendant Angel Dillard conveyed a threat of force by mailing the letter dated January 15, 2011 to Dr. Mila Means;

Second:     Defendant Angel Dillard intentionally intimidated or attempted to intimidate Dr. Mila Means; and

Third:       Defendant Angel Dillard sent the letter to intimidate Dr. Mila Means from providing reproductive health services in Wichita, Kansas.

---

*U.S. v. Dillard*, 795 F.3d 1191, 1198, 1202-03 (10th Cir. 2015)(elements; FACE protects people who are targeted because they are contemplating providing future reproductive services – no need for target to be engaging in actual services or planning to provide imminent services).

# UNITED STATES' PROPOSED JURY INSTRUCTION NO. 3

## "INTIMIDATE" DEFINED

**"Intimidate"** means to place a person in reasonable apprehension of bodily harm to herself or to another.

---

18 U.S. Code § 248(e)(3).

# UNITED STATES' PROPOSED JURY INSTRUCTION NO. 4

## "REPRODUCTIVE HEALTH SERVICES" DEFINED

**"Reproductive health services"** means reproductive health services provided in a hospital, clinic, physician's office, or other facility, and includes medical, surgical, counselling or referral services relating to the human reproductive system, including services relating to pregnancy or the termination of a pregnancy.

---

18 U.S. Code § 248(e)(5).

# UNITED STATES' PROPOSED JURY INSTRUCTION NO. 5

## PROOF OF INTENT

You may consider any statements or acts done by Defendant Angel Dillard, and all of the facts and circumstances in evidence, that may aid you in a determination of the Defendant Angel Dillard's intent.  You may draw any reasonable inferences from objective evidence of what actually occurred.  You may also presume that Defendant Angel Dillard intended the natural and probable consequences of her acts.

---

*U.S. v. Dillard*, 795 F.3d 1191, 1202-03 (10th Cir. 2015).

# UNITED STATES' PROPOSED JURY INSTRUCTION NO. 6

## "THREAT OF FORCE" DEFINED

In deciding whether the letter sent by Defendant Angel Dillard to Dr. Mila Means was a threat of force, you must determine whether Defendant Angel Dillard meant to convey a serious expression of intent to commit an act of unlawful violence to a particular individual, which under the circumstances would cause apprehension in a reasonable person.  If so, the threat of force is not protected speech under the First Amendment of the United States Constitution.

You must look at the context in which Defendant Angel Dillard sent the letter to Dr. Mila Means to determine whether the letter would cause apprehension in a reasonable person in Dr. Mila Means' position.

Relevant circumstances for you to consider include:

1.  The actual language of the letter;

2. The social or political context in which the letter was sent;

3. The historical framework raised by the letter;

4. The identity of the sender, any publicized statements she may have made, and any publicly reported associations she may have;

5. How the recipients of the letter responded; and

6. How other people responded to the letter.

---

*U.S. v. Dillard*, 795 F.3d 1191, 1198 (10th Cir. 2015)(no First Amendment protection); *Id*. at 1199 (objective test)(citing *Virginia v. Black*, 538 U.S. 343, 359 (2003); *U.S. v. Magleby,* 241 F.3d 1306, 1311 (10th Cir.2001); *Nielander v. Bd. of Comm'rs,* 582 F.3d 1155, 1167–68 (10th Cir. 2009)); s*ee also* Tenth Circuit CRIMINAL PATTERN JURY INSTRUCTIONS (2011 Edition)(instructions on "threats" for the following statutes:  Threats Against the President, 18 U.S.C. § 871; Mailing Threatening Communications, 18 U.S.C. § 876 (Second Paragraph); Interstate Transmission of Extortionate Communication, 18 U.S.C. § 875(b)).

## UNITED STATES' PROPOSED JURY INSTRUCTION NO. 7

### IMMINENCE NOT NEEDED

You need not decide whether the writing threatened immediate force.  To constitute a threat of force, the threat does not need to be imminent.

---

*U.S. v. Dillard*, 795 F.3d 1191, 1199 (10th Cir. 2015)(citing  *U.S. v. Crews*, 781 F.2d 826, 832 (10th Cir. 1986)).

# UNITED STATES' PROPOSED JURY INSTRUCTION NO. 8

## THREAT CAN BE CONDITIONAL

You need not decide whether the writing contained a definitive statement that harm will in fact occur.  A writing can constitute a threat of force even if the threat is conditional – that is, if the writer suggests that violence will be used only if the reader fails to comply with her demands.

---

*U.S. v. Dillard*, 795 F.3d 1191, 1200 (10th Cir. 2015)(citing  *U.S. v. Crews*, 781 F.2d 826, 832 (10th Cir. 1986); *U.S. v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990)).

## UNITED STATES' PROPOSED JURY INSTRUCTION NO. 9

### WRITER NEED NO INTENT TO CARRY OUT THE THREAT

You need not decide whether the writer intended to act on the threat. The Plaintiff United States does not need to prove that Defendant Angel Dillard intended to actually act upon the threat, or even that she had the apparent ability to carry out the threat. It is the making of the threat and not the intention to carry out the threat that violates the law.

---

*U.S. v. Dillard*, 795 F.3d 1191, 1199 (10th Cir. 2015)(quoting *U.S. v. Viefhaus*, 168 F.3d 392, 395-96 (10th Cir. 1999)).

# UNITED STATES' PROPOSED JURY INSTRUCTION NO. 10

## IMPERSONAL LANGUAGE

In order to find a threat of force, you do not need to find that the Defendant Angel Dillard made a direct statement of personal intent.  A threat of force can use ambiguous or passive language or impersonal terms of "someone" committing an act of violence, so long as a reasonable recipient of the communication could conclude, based on the language of the communication and the context in which it is delivered, that it was a veiled threat of violence by Defendant Angel Dillard, or by someone acting under her direction or acting in association with her.

---

*U.S. v. Dillard*, 795 F.3d 1191, 1199, 1201 (10th Cir. 2015)(citing *U.S. v. Turner,* 720 F.3d 411, 424 (2d Cir.2013); *U.S. v. Cassel*, 408 F.3d 622, 636-37 (9th Cir. 2005)).

# UNITED STATES' PROPOSED JURY INSTRUCTION NO. 11

## ACTUAL INTIMIDATION NOT REQUIRED

To find in favor of the United States, you do not need to find that the Defendant Angel Dillard actually intimidated Dr. Mila Means.  An attempt to intimidate by threat of force violates the law.  To prove an attempt, the United States must prove by a preponderance of the evidence that Defendant Angel Dillard, by sending the letter dated January 15, 2011, intended to intimidate Dr. Means from providing reproductive services.

---

18 U.S.C. 248(a)

Respectfully submitted,

BARRY R. GRISSOM  VANITA GUPTA
United States Attorney  Principal Deputy Assistant Attorney General
District of Kansas  Civil Rights Division

STEVEN H. ROSENBAUM
Chief
Special Litigation Section

JULIE K. ABBATE
Deputy Chief
Special Litigation Section


 /s/  Richard C. Goemann
By:  Emily Metzger  RICHARD C. GOEMANN
Assistant United States Attorney  Trial Attorney
1200 Epic Center  United States Department of Justice
301 N. Main St.  Civil Rights Division
Wichita, KS 67202  Special Litigation Section
Kansas Bar No. 10750  950 Pennsylvania Ave., N.W.
(316) 269-6481  Washington, DC  20530
(316) 269-6484 (fax)  (202) 353-1313
 (202) 514-4883 (fax)
 richard.goemann@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing UNITED STATES' Proposed Jury Instructions was filed electronically on this 6th day of April, 2016, with the Clerk of Court using the CM/ECF System, which will provide notice of such filing to all registered parties.

                                    /s/ Richard C. Goemann
                                  RICHARD C. GOEMANN
                                  Counsel for the United States