IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

U̲NITED S̲TATES OF A̲MERICA,

        Plaintiff,

        vs.                              Case No. 11-1098-JTM

A̲NGEL D̲ILLARD,

        Defendant.

MEMORANDUM AND ORDER

       This matter is before the court on the motion in limine of the United States seeking to shield from disclosure an email sent March 17, 2011 from FBI Special Agent Sean Fitzgerald to a supervisor, John Sullivan. The government argues the email is protected by the executive deliberative privilege and is thus not subject to disclosure in this civil prosecution of the defendant. (Dkt. 239).

       The full email has been provided to the court *in camera*. The defendant has not seen the memorandum, and has received from the government a copy in which the entire text of the email has been redacted.

       The defendant argues (Dkt. 241) that the privilege should not apply, first, because the email is not privileged at all, having been sent by Fitzgerald to another FBI agent. While the email might have been discussed with DOJ at a later phone conference, she argues, this

means only that the oral comments at the conference might be privileged, the letter itself is not. Second, she argues that any privilege was waived, when Fitzgerald told Dillard during their interview that he didn't think she was a threat and had said so, but DOJ wanted to pursue the issue. Third, she argues that even if the privilege applies disclosure is appropriate.

The court finds that much of the email is subject to the deliberative process privilege. The entirety of the first and third paragraphs, and much of the second, of the email reflect Fitzgerald's opinions relating to a prospective civil action against Dillard. Fitzgerald presents arguments pro and con as to such an action, and thus presents precisely the sort of frank discussion of policy considerations which the privilege is designed to protect. *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150-51 (1975). Such policy arguments also render the comments wholly irrelevant to the merits of the present action.

However, the court cannot find that the entirety of the email is privileged. In particular, the email contains factual statements by Fitzgerald, in which he sets forth the results of his interviews with Dillard. "Discussion of objective facts, as opposed to opinions and recommendations, generally is not protected by the deliberative process privilege." *See Saunders v. City of Chicago*, 2015 WL 4765424, *10 (N.D. Ill. Aug. 12, 2015) (quoting *Environmental Protection Agency v. Mink*, 410 U.S. 73, 87–88, 93 (1973)).

The government's brief itself implicitly recognizes this limitation: it argues that pursuant to the privilege the court should exclude"Special Agent Fitzgerald's *opinions* regarding how the United States should evaluate certain factors as it considered civil action

against Defendant Dillard." (Dkt. 239, at 5) (emphasis added). Further, the government seeks to exclude "any testimony concerning the Agent's opinions" because these "would reveal the considerations that factored into the Department of Justice's decision regarding whether to initiate civil litigation against Defendant Dillard." (*Id.*)

Factual information may still be protected under the privilege if it is "inextricably intertwined with [predecisional policy] discussions." *Enviro Tech Int'l, Inc. v. U.S. E.P.A.*, 371 F.3d 370, 374 (7th Cir.2004). Fitzgerald's comments in the email in which he discusses the results of his interview with Dillard are not so inextricably tied to the policy discussion presented in the email. Specifically, the third, fifth, sixth, and seventh sentences of the second paragraph present factual information which may be segregated from the remainder of the email without unfair loss of context or meaning.

Even if this information were otherwise subject to the privilege, disclosure would remain appropriate. Disclosure remains justified where the defendant has demonstrated "his need for the documents outweighed the government's interest in not disclosing them." *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993). Although the present action is civil in nature and in its burden of proof, the action bears many of the hallmarks of a criminal action, with the full weight and resources of the federal government seeking to impose civil monetary penalties on the defendant.

It bears noting here that the great weight of the authority cited in the motion in

limine[1] reflect cases in which the government has sought to use the shield of privilege as a defense to civil litigation brought under the Freedom of Information Act (FOIA). Specifically, these decisions discuss the contours of the privilege in light of FOIA Exemption 5, 5 U.S.C. § 552(b)(5), which creates an exemption for FOIA disclosure of "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."

The government here advocates the deliberative process privilege in a quasi-criminal action initiated by the government, seeking to withhold from discovery factual and exculpatory information containing the defendant's own statements to law enforcement. In an actual criminal action, the disclosure of such information would be mandatory. *See Brady v. Maryland*, 373 U.S. 83 (1963).

The information reflected in the referenced portion of the email is necessary for the

---

[1] See *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001); *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150-51 (1975); *Renegotiation Bd. v. Grumman Aircraft Eng'g Corp.*, 421 U.S. 168, 184 (1975); *Stewart v. U.S. Dep't of Interior*, 554 F.3d 1236, 1245 (10th Cir. 2009); *Loving v. U.S. Dep't of Defense*, 550 F.3d 32 (D.C. Cir. 2008); *Casad v. U.S. Dep't of Health & Human Servs.*, 301 F.3d 1247, 1251 (10th Cir. 2002); *Hopkins v. U.S. Dep't of Housing & Urban Dev.*, 929 F.2d 81, 84 (2d Cir. 1991); *Tigue v. USDOJ*, 312 F.3d 70, 76 (2d Cir. 2002); *Formaldehyde Inst. v. U.S. Dep't of Health & Human Servs.*, 889 F.2d 1118, 1122 (D.C. Cir. 1989); *Hass v. U.S. Air Force*, 848 F. Supp. 926, 930 (D. Kan. 1994). One non-FOIA case cited by the government, *Ridenour v. Kaiser-Hill Co.*, 397 F.3d 925, 939 (10th Cir. 2005), also reflects the historically defensive nature of the privilege. In *Ridenour* the district court granted the government's motion to dismiss a *qui tam* action brought by terminated security workers at Rocky Mountain Flats Nuclear Weapons against the plant's security contractor. On appeal, the Tenth Circuit upheld the decision of the magistrate judge to shield from discovery classified government documents which, plaintiffs claimed, would demonstrate the government's subjective motivation for seeking dismissal was improper.

defendant's case. Dillard has testified that Fitzgerald told her, in reference to the letter, "There was nothing there, it's not a threat." (Dillard dep. at 299). But for the corroboration presented by this portion of the email, it might appear that Fitzgerald's reported statements to Dillard were either placating or insincere, if not simply made up by her. Fitzgerald's email directly corroborates her testimony.

Finally, the court denies the defendant's argument that the entirety of the email is subject to disclosure because the privilege was waived by Fitzgerald in light of his comments to her. Other than noting the mere fact that the deliberative privilege can be waived (Dkt. 241, 6), the defendant does not discuss the standard for such a result. In fact, "such a waiver should not be lightly inferred." *Howard v. City of Chicago*, 2006 WL 2331096, *8 (N.D. Ill. Aug. 10, 2006) (internal quotation and citation omitted). Generally such waiver requires proof that the agency holding the privilege agreed to waiver. *Dipace v. Goord*, 218 F.R.D. 399, 406-07 (S.D.N.Y. 399) ("waiver will not be found unless that disclosure was 'authorized' by the governmental agency and 'voluntary'") (quoting *City of Virginia Beach v. United States Dep't of Commerce*, 995 F.2d 1247, 1253 (4th Cir.1993). *See also Florida House of Representatives v. U.S. Dep't of Commerce*, 961 F.2d 941, 946 (11th Cir. 1992) (explaining that the deliberative process privilege is waived where "authorized disclosure is voluntarily made to a non-federal party"); *City of Virginia Beach, Va. v. U.S. Dept. of Commerce*, 995 F.2d 1247, 1253 (4th Cir.1993)("agency may waive that [deliberative process] protection through voluntary, authorized release of the material to a nongovernmental recipient") (internal citation omitted). The defendant in the present action has presented

5

no justification for concluding that the FBI or DOJ authorized Fitzgerald to waive any privilege as to the entirety of the email.

IT IS ACCORDINGLY ORDERED this 2nd day of May, 2016, that the plaintiff's Motion in Limine (Dkt. 239) is granted in part and denied in part, as provided herein. The court will return to the government's attorneys a copy of the Fitzgerald email, highlighting those portions which may be redacted and withheld pursuant to the privilege. The unhighlighted, unredacted portion shall be promptly delivered to the defendant.

                                                           s/ J. Thomas Marten
                                              J. THOMAS MARTEN, JUDGE