ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
U.S. District Court
District of Kansas

UNITED STATES OF AMERICA,
        Plaintiff,

MAY **0 6** 2016

Clerk, U.S. District Court
By ⎽⎽⎽⎽⎽⎽⎽⎽ Deputy Clerk

*v.*

Case No. 11-1098-JTM

ANGEL DILLARD,
        Defendant.

**INSTRUCTIONS**

Instruction No. 1

MEMBERS OF THE JURY:

The presentation of evidence is now complete. I gave you some general instructions and definitions at the outset of this case and I now give you final instructions. You may read along with me, or you may simply listen as I read these instructions. If you read along, stay with me. You will each be allowed to take your copy of the instructions to the jury room for further reference during your deliberations.

You must follow the law as set out in these instructions and apply that law to the facts you find from the evidence presented in this trial. No single instruction or smaller group of instructions states the law; you must consider all the instructions as a whole. You are not to question the wisdom of any of these instructions.

Instruction No. 2

You must weigh and consider this case without sympathy and without bias for or against any party. You must not be influenced by anything not within the evidence, the instructions, or your own common sense, knowledge and experience.

You must consider and decide this case as an action between persons of equal standing in the community. All parties stand equal before the law, and are to be dealt with as equals in a court of justice.

Circumstances in the case may arouse sympathy for one party or the other. Sympathy is a common, human emotion. The law does not expect you to be free of such normal reactions. However, the law and your oath as jurors require you to disregard sympathy and not to permit it to influence your verdict.

Instruction No. 3

You must consider all the evidence, but you need not accept all evidence as true or accurate.

You will determine the weight and credit to be given the testimony of each witness. You may use common sense, common knowledge and experience in weighing that testimony.

The number of witnesses who testify about a matter does not necessarily determine the weight of the evidence. The testimony of a fewer number of witnesses concerning any fact may be more credible than the testimony of more witnesses to the contrary.

You will determine the weight and credit to be given to each exhibit in similar fashion.

Instruction No. 4

In weighing the evidence and judging the credibility of witnesses, you may, and should, take into consideration the general information which you possess as to matters of common knowledge, observation and experience of life.

In weighing the testimony of the witnesses you may consider their demeanor while testifying, their interest or lack of interest in the outcome of the case and all other facts and circumstances which will help you decide the facts of the ease. You will decide whether to believe a witness and in evaluating a witness' testimony, you may want to ask yourself the following questions:

(1) How well could the witness see or hear the things that the witness testified about?

(2) How well was the witness able to remember and describe what happened?

(3) Did the witness understand the questions and answer them correctly?

(4) Did the witness seem believable to you?

If you believe that any witness has intentionally given false testimony on any material fact, you may disregard all or part of his or her testimony, but you are not required to believe or disbelieve all the testimony of any witness. If there has been conflicting testimony, you should reconcile it with truthfulness, if reasonably possible, but if you cannot do so then you must use your best judgment in determining what testimony you will believe.

People often forget things, or they may honestly believe that something happened even though it turns later out that they were wrong. Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to reject such testimony. Two or more persons witnessing an incident may see or hear it differently, and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to an important issue or an unimportant detail, and whether the discrepancy is innocent or intentional.

Instruction No. 5

The parties may prove any fact through either direct or circumstantial evidence. Direct evidence is direct proof of a fact, such as eyewitness testimony. Circumstantial evidence is indirect proof, where proving a chain of facts allows you to conclude another fact.

To decide if a fact has been proved by circumstantial evidence, consider all the evidence in the light of reason, common sense, and experience.

Circumstantial evidence and direct evidence may have equal weight.

Instruction No. 6

You may consider as evidence the testimony of witnesses and the exhibits admitted

into evidence. You will have those exhibits in the jury room during your deliberations.

Instruction No. 7

You may draw reasonable inferences from the evidence which you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts established by the evidence.

Instruction No. 8

Lawyers' statements, objections, and arguments are not evidence.

Instruction No. 9

A witness may be discredited or "impeached" by contradictory evidence, or by evidence that at some other time the witness has said or done something, or failed to say or do something, which is inconsistent with the witness's testimony at trial.

If you believe any witness has been so impeached, you may give the testimony of that witness such weight as you believe it deserves.

Instruction No. 10

You have heard evidence relating to Special Agent Fitzgerald's conversation with the Dillards. You may consider evidence of statements made by Special Agent Fitzgerald as evidence relating to the reaction or results of a law enforcement investigation, as I have instructed you elsewhere in these instructions. However, Special Agent Fitzgerald was not authorized to speak for the Department of Justice, or to make the legal decision as to whether a case is prosecuted or not. You should not consider statements by him as to the legal judgment or opinions of the Department of Justice.

Instruction No. 11

The plaintiff United States contends that the defendant Angel Dillard, in writing the January 19, 2011 letter to Dr. Mila Means, violated a federal statute known as the Freedom of Access to Clinic Entrances Act, also known as FACE.

The defendant Angel Dillard contends that her letter was not a threat of force or physical harm, but persuasive speech protected under the First Amendment, and not a violation of the statute.

Instruction No. 12

The United States must prove each element of its case by a preponderance of the

evidence. This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means that an amount of evidence that is

enough to persuade you that the government's claim is more likely true than not true.

In determining whether the government has met this burden, you may consider the

testimony of all of the witnesses, regardless of who may have called them, and all of the

exhibits received in evidence, regardless of who may have produced them.

Instruction No. 13

To establish its claim that the defendant Angel Dillard violated the FACE Act, the

government must prove by a preponderance of the evidence:

*First*, that the defendant's letter to Dr. Means would be taken by a reasonable
person in the position of Dr. Means to convey a true threat,

*Second*: that the defendant intentionally attempted to intimidate Dr. Means, and

*Third*: that the defendant did so to intimidate Dr. Means from providing
reproductive health services.

Instruction No. 14

Intimidation, as used in these instructions, means to place a person in reasonable apprehension of bodily harm to himself or herself or to another.

Reproductive health services under FACE means "reproductive services provided in a hospital, clinic, physician's office, or other facility, and includes medical, surgical, counselling, or referral services relating to the human reproductive system, including services relating to pregnancy or the termination of a pregnancy."

Instruction No. 15

The First Amendment to the United States Constitution protects the right of all persons to speak to issues of public concern. FACE explicitly exempts from its coverage "expressive conduct" which is "protected from legal prohibition by the First Amendment."

However, the First Amendment does not protect actions or speech which amount to intimidation by a "true threat" of violence.

Instruction No. 16

A true threat is a serious expression of an intent to commit an act of unlawful violence to a particular person.

A true threat exists when a reasonable person in the position of the recipient of a communication would consider that an actual threat has been made. In making this determination, you should consider the content of the communication, its context, and the actual recipient's response.

If a reasonable recipient of the communication would conclude that a communication conveys a true threat, a true threat exists, even if the sender did not actually intend to carry out the threat.

Language indicating that future violence is certain or contingent, imminent or remote in time, or will be undertaken directly by the sender or by other persons are all relevant factors which you may consider.

Instruction No. 17

A warning of imminent violence may contribute to a finding of a true threat. But even a suggestion of future violence which is not imminent may still be a true threat, so long as the communication conveys a gravity of purpose and likelihood of execution.

Instruction No. 18

Similarly, a warning that violence may occur only if certain conditions are met may be less likely to constitute a true threat than one that is unconditional. But such a warning of violence in the event that an additional condition occurs may still be a true threat, so long as the communication conveys a gravity of purpose and likelihood of execution.

Instruction No. 19

A true threat may be more likely to exist where a communication unequivocally and directly expresses the sender's personal intent to commit an act of violence. In contrast, a prediction of violence by third parties unknown to and unaffiliated with the defendant may be less likely to constitute a true threat.

An expression that the sender of a communication will personally engage in violence is not essential in all cases. A warning of violence by third persons may still be a true threat if the recipient could reasonably conclude, based on the entire context of the communication, that the communication is actually a veiled threat of violence by the sender or by third persons acting under the sender's direction or in conspiracy with her.

Instruction No. 20

Finally, a true threat may exist even if the actual recipient of the communication did

not feel personally threatened. A true threat may exist if a reasonable person in the position

of the recipient would conclude the communication was an actual threat.

Instruction No. 21

The second essential element of the government's case requires you to determine the defendant's intention in sending the letter. A defendant is liable under FACE only if she intentionally injures, intimidates, or interferes with by force or threat of force someone seeking to provide or obtain reproductive health services.

Intent is a state of mind. Since it is not possible to look into a person's mind to see what went on, the only way you have of arriving at the intent of the defendant is for you to take into consideration all of the facts and circumstances shown by the evidence, including the defendant's statements, the results of any law enforcement investigations, the exhibits admitted, and determine from all such facts and circumstances what the intent of the defendant was at the time in question.

You may also consider the natural and probable results or consequences of any acts the defendant knowingly did, and whether it is reasonable to conclude that she intended those results or consequences. You may find, but you are not required to find, that the defendant knew and intended the natural and probable consequences of acts she knowingly did. This means that if you find that an ordinary person in the defendant's situation would have naturally realized that certain consequences would result from her actions, then you may find, but you are not required to find, that the defendant did know and did intend that those consequences would result from her actions. This is entirely up to you to decide as the finders of the facts in this case.

Instruction No. 22

For purposes of the third element set forth above, you must determine the defendant's purpose in sending the letter. The element is met if the defendant sent the letter for the purpose of intimidating Dr. Means from providing reproductive health services.

This element may be satisfied even if the recipient of the communication was not then providing reproductive health services currently. FACE is also violated if a threat is sent with the intention of intimidating a provider from such services in the future.

Instruction No. 23

If you determine that the defendant violated the FACE Act, the statute authorizes

me to determine the appropriate remedy.

Instruction No. 24

I have mentioned in the prior instruction that I am legally authorized to determine the appropriate remedy if you decide that defendant violated the FACE Act, but that does not mean that I believe the plaintiff should, or should not, prevail in the case. That decision rests solely with you.

Your verdict must represent the considered judgment of each juror. Your verdict must be unanimous. In other words, to return a verdict, each of you must agree to it.

If you do not reach a verdict, the parties may be put to the expense of another trial. If the case is retried, a future jury must be selected in the same way and from the same source as you have been chosen, and we have no reason to think that a future jury would be more competent or that evidence produced at a future trial would be more clear or substantial.

As jurors, you must consult with one another and deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own views or to change your opinion if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or simply to return a verdict.

Remember at all times you are not partisans. You are judges of the facts. Your sole

interest is to seek the truth from the evidence in the case.

Instruction No. 25

At times during the trial, I have ruled on the admission of certain testimony and exhibits. Those matters are questions of law for the court. Do not concern yourselves with or draw any inferences from those rulings.

I have not intended to and I do not express or suggest any opinion in these instructions, my rulings, actions or remarks about the resolution of any issue in this case.

You will now hear arguments of counsel. Their role is to offer interpretations of the evidence consistent with their respective causes. Please give them your thoughtful and respectful attention.

Instruction No. 26

Upon retiring to the jury room you should first select one of your number to act as your presiding juror. The presiding juror will preside over your deliberations and speak for you here in court. A form of verdict has been prepared for you.

You will take the verdict form to the jury room, and when you have reached unanimous agreement as to your verdict, you will have your presiding juror fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you need to communicate with the court, please write out your message or question, have the presiding juror sign it, and notify our chambers. My law clerk will be dispatched to receive your message or question. I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. With regard to any message or question you might send, you should never state or specify your numerical division at the time. In other words, do not reveal how the group is voting, unless it is in response to a direct question from me about your division.

May 5, 2016
Date

J. Thomas Marten
Judge