711

```
 1             IN THE UNITED STATES DISTRICT COURT
                      DISTRICT OF KANSAS
 2

 3  THE UNITED STATES OF AMERICA,

 4            Plaintiff,

 5         vs.                          District Court
                                        Case Number
 6  ANGEL DILLARD,                      11-CV-1098-JTM
                                        Volume 4
 7            Defendant.

 8

 9            TRANSCRIPT OF PROCEEDINGS

10         On the 6th day of May, 2016 at 1:40 p.m. came
    on to be heard in the JURY TRIAL in the above-entitled
11  and numbered cause before the
    HONORABLE J. THOMAS MARTEN, Judge of the United States
12  District Court for the District of Kansas, Sitting in
    Wichita.
13         Proceedings recorded by mechanical
    stenography.
14         Transcript produced by computer.

15
    APPEARANCES
16
            The Plaintiff appeared by and through:
17             Mr. Richard C. Goemann
               US Department of Justice
18             Civil Rights Division
               950 Pennsylvania Ave, NW
19             SPL 601 D Street
               Washington, DC, 20530
20
            The Defendant, Angel Dillard, appeared in
21  person, by and through:
               Mr. Craig Shultz
22             Shultz Law Office
               455 N. Waco
23             Wichita, KS 67202

24             Ms. Theresa Sidebotham
               Telios Law, PLLC
25             1840 Deer Creek Rd., Suite 101
               Monument, CO 80132
```

Jana L. McKinney, CSR, RPR, CRR, RMR
United States Court Reporter

```
                                                               712
1                              **INDEX**

2
    Verdict                                                    713
3   Polling of the Jury                                        717
    Reporter's Certificate                                     723
4
```

Jana L. McKinney, CSR, RPR, CRR, RMR
United States Court Reporter

```
 1                (Proceedings commenced at 1:40 p.m.)
 2                (The jury enters the courtroom.)
 3                THE COURT:  Good afternoon, folks.  Good
 4    afternoon.
 5                Good afternoon.
 6                Go ahead and take your seats.
 7                All right.  Mr. Cox, you are the presiding
 8    juror?
 9                JUROR 4:  That is correct, Your Honor.
10                THE COURT:  My understanding is that the jury
11    has reached a verdict in this case, is that correct?
12                JUROR 4:  That is correct.
13                THE COURT:  And have you filled out, signed,
14    and dated the verdict form?
15                JUROR 4:  Yes, Your Honor.
16                THE COURT:  All right.  If you would please
17    hand the verdict form to Mr. Wood.
18                Thank you.
19                All right.  Thank you so much.
20                Mr. Wood, if you would read the verdict.
21                MR. WOOD:  We, the jury, impaneled and sworn
22    in the above entitled cause, upon our oaths, do make
23    the following answers to the questions propounded by
24    the Court:
25                1.  Under all the circumstances of the case,
```

1  would a reasonable recipient of defendant's January
2  15th, 2011 letter believe that it conveys a true threat
3  of force?
4           Answer:  Yes.
5           2.  Did the defendant, in sending the letter,
6  intentionally seek to intimidate Dr. Means?
7           Answer:  No.
8           Signed and dated.
9           THE COURT:  Well, members of the jury, you've
10 deliberated for a good, long time in this case and I
11 know from that that you carefully considered every bit
12 of evidence and every issue that was raised in the
13 case.  And thank you so very much.  Everybody is in
14 your debt for your service here over the past several
15 days.
16           In just a moment, I'm going to excuse you to
17 go to the jury room.  We have certificates for you
18 there.  I always like to visit with jurors for a few
19 minutes before you head out of the courthouse, but the
20 other thing that I'm going to talk to you about, and I
21 hope you'll consider it, we have a rule that I need to
22 read to you here in our district, and I am going to
23 read it to you now, and it has to do with communication
24 with jurors after the trial.
25           And this generally relates to the parties to

1  the suit, their lawyers, and the press.  It can be more
2  broadly construed than that but this is the rule.
3           No one, including the parties, their
4  attorneys, or the agents or employees of either is
5  permitted to examine or interview any juror, either
6  orally or in writing, except:
7           1.  By order of the Court in its discretion;
8  and,
9           2.  Under such terms and conditions as the
10 Court establishes.  If the Court permits examination or
11 interviews of jurors, the following restrictions apply,
12 in addition to any other restrictions the Court
13 imposes.
14          1.  Jurors may refuse all interviews or
15 comments.
16          2.  If a juror refuses to be interviewed or
17 questioned, no person may repeatedly ask for interviews
18 or comments.
19          3.  If a juror agrees to an interview, he or
20 she must not disclose any information with respect to
21 the specific vote of any juror other than the juror
22 being interviewed or, about the deliberations of the
23 jury.
24          Now, let's start with the first one, about no
25 one being permitted to examine or interview you except

716

1  by order of the Court in its discretion and on such
2  terms and conditions.
3          Nothing was ever more helpful to me as a
4  lawyer than having an opportunity to visit with jurors
5  immediately after a case, when everything's still
6  fresh.  And I think if you are willing to do it, and
7  it's your decision alone, but I think if you're willing
8  to do it, the lawyers would love to have an opportunity
9  to visit with you, not to be critical of anything that
10 you did in the case, and not to dissect it but
11 basically to find out what you found persuasive, what
12 you didn't find persuasive.
13          If there were aspects of their case that you
14 thought were particularly strong or particularly weak,
15 they'd like to hear about those.  And, frankly, if
16 there is anything that either of them did or that any
17 of them did that you found offensive or troublesome,
18 they would like to hear about those, too, so they can
19 avoid those next time out.
20          But I think probably what they're most
21 interested in is what you found persuasive in the case
22 and why it was persuasive to you.
23          Now, going to the restrictions, obviously, it
24 was a unanimous verdict so everybody knows what each of
25 your votes was in the case.

717

```
 1            And, by the way, does either party wish to
 2  have the jurors pooled in this case?
 3            Mr. Goemann?
 4            MR. GOEMANN:  Your Honor, yes, I would like to
 5  have them polled.  Thank you.
 6            THE COURT:  All right.  What I am going to do
 7  now then, is to ask each of you individually if this is
 8  your verdict or if it is not your verdict.
 9            If it is your verdict, just say, This is my
10  verdict.  If it's not, say, This is not my verdict.
11            And, Mr. Lansdowne, we'll start with you.  Is
12  this your verdict?
13            JUROR 2:  This is my verdict.
14            THE COURT:  Mr. Hamblin.
15            JUROR 3:  This is my verdict.
16            THE COURT:  Mr. Cox.
17            JUROR 9:  This is my verdict.
18            THE COURT:  Ms. Bird.
19            JUROR 8:  This is my verdict.
20            THE COURT:  Mr. Fisher.
21            JUROR 17:  This is my verdict.
22            THE COURT:  Ms. Maxwell.
23            JUROR 15:  This is my verdict.
24            THE COURT:  Ms. Tatrow.
25            JUROR 13:  This is my verdict.
```

```
 1            THE COURT:  And, Mr. Sizemore?
 2            JUROR 14:  This is my verdict.
 3            MR. GOEMANN:  Thank you, Your Honor.
 4            THE COURT:  All right.  And you're very
 5   welcome.
 6            And, folks, its not at all unusual to ask for
 7   polling so don't take any offense at that at all, but
 8   we all know how you voted in the case now because it
 9   was a unanimous verdict.
10            What you can't talk about with anybody is
11   basically the process that you went through to get to
12   that decision.
13            JUROR 2:  Right.
14            THE COURT:  You can talk about how you felt
15   about it personally if you started one way and ended up
16   going in a different direction, why you did that, what
17   you thought was compelling about it, but you can't talk
18   about the deliberations of the jury as a whole.
19            I know Mr. Shultz very well from a number of
20   years of him being here.  I just have met Ms.
21   Sidebotham and Mr. Goemann, but they're obviously very
22   honorable people who take their work very seriously and
23   I would encourage any of you who are willing to do so,
24   to stop and visit with them.
25            And, frankly, you'll have the opportunity to
```

719

1 ask them any questions that you would like to about why
2 they did a particular thing or why they didn't do
3 something.  And I am sure you have some questions after
4 having spent seven or so hours in deliberations, you
5 probably found some holes in the evidence that -- that
6 you would have liked to have known about or maybe there
7 were some things that you didn't quite know how to deal
8 with, and I am sure the lawyers would like to know
9 about that.
10          But, in any event, we're so grateful for the
11 time that you spent.  This case was very well tried on
12 both sides.  We don't have all that many trials any
13 more, and the ability to try a case well is something
14 that is becoming less common than what we would like.
15 And you got to see very, very fine lawyers at work here
16 doing the best work that they can representing their
17 clients, and they upheld the finest traditions of the
18 system, as did you.  Your work shows us why we have a
19 jury system, why it's so important to have a jury
20 system.
21          So with that, if you'll report back to the
22 jury room, your notes are going to be taken out of the
23 notebooks and they'll be shredded right after you
24 leave.  And, as I say, I would like to visit with you
25 for just a few minutes.  But thank you, again, for

Jana L. McKinney, CSR, RPR, CRR, RMR
United States Court Reporter

720

```
 1  everything.
 2            And with that, if you'll go back to the jury
 3  room, I would appreciate it.
 4            (Jury leaves the courtroom.)
 5            THE COURT:  Have a seat, folks.
 6            And, counsel, we'll give you -- we'll make
 7  copies of the verdict form so you've got those for your
 8  own files if you would like to have them.
 9            Is there anything further that we need to take
10  up?
11            And, Mr. Goemann, I don't know what time you
12  have to leave to catch your flight?
13            MR. GOEMANN:  Thank you, Your Honor.  I
14  actually do have a little while and if the jurors want
15  to speak, I do have a few minutes, I'd love to be able
16  to have that opportunity.
17            THE COURT:  Well, I'll try to -- sometimes I
18  can be with them for 45 minutes and I'll try to
19  expedite that process here because, invariably, there
20  are questions and I try to give them all the
21  information that I can but we'll try and get them in
22  here.
23            Mr. Shultz, Ms. Sidebotham, anything?
24            MR. SHULTZ:  No, we have nothing that needs to
25  be taken up by the court.  And I think we would -- are
```

721

1   probably available to talk with the jurors if they
2   want.
3            THE COURT:  Thank you very much.
4            Well, again, counsel, I appreciate everything
5   that you and your staff have done to allow us to get to
6   this point.  I thought it was an excellent trial and I
7   think that the jury very clearly took its work
8   seriously.
9            This is a case where a jury could have come
10  back in 15 minutes if it didn't take it seriously and,
11  obviously -- well, I don't know about you all, but I
12  was surprised at the amount of time and the questions
13  that we got -- or the question, I thought also was
14  interesting and if you want to go in to why they asked
15  that, you're certainly welcome to.
16           All right.  Well, counsel, again, thank you so
17  much.
18           We'll probably get the judgment put together
19  in this case in fairly short order.
20            Do either of you anticipate any post trial
21  briefing?
22           Mr. Goemann?
23           MR. GOEMANN:  No, Your Honor.
24           THE COURT:  Mr. Shultz?
25           Or, I'm sorry, Ms. Sidebotham.

Jana L. McKinney, CSR, RPR, CRR, RMR
United States Court Reporter

722

```
 1            MR. SHULTZ:  Probably not, but we don't know.
 2            THE COURT:  Okay.  Well, I'm not holding you
 3  to anything, I'm just trying to get a handle on where
 4  we might go next.
 5            So, well, thank you all so much and we'll see
 6  you back in here in a few minutes.
 7            Ms. Hageman, are you going to notify our
 8  journalist friend who was here yesterday and the day
 9  before about the case?
10            MS. HAGEMAN:  She is with the same company.
11            THE COURT:  All right.
12            MS. HAGEMAN:  So we're good.
13            THE COURT:  Well, good.  Good.
14            Well, thank you all so much.  I appreciate it.
15  And we'll see you all shortly.  Thank you.
16            MR. GOEMANN:  Thank you, Your Honor.
17            (Proceedings conclude at 1:55 p.m.)
18
19
20
21
22
23
24
25
```

Jana L. McKinney, CSR, RPR, CRR, RMR
United States Court Reporter

723

1  C E R T I F I C A T E
2       I, Jana L. McKinney, United States Court
3  Reporter in and for the District of Kansas, do hereby
4  certify:
5       That the above and foregoing proceedings were
6  taken by me at said time and place in stenotype;
7       That thereafter said proceedings were
8  transcribed under my discretion and supervision by
9  means of transcription, and that the above and
10 foregoing constitutes a full, true and correct
11 transcript of requested proceedings;
12      That I am a disinterested person to the said
13 action.
14      IN WITNESS WHEREOF, I hereto set my hand on
15 this, the 6th day of June, 2016.
16
17              s/ Jana L. McKinney
                Jana L. McKinney, RPR, CRR, RMR
18              United States Court Reporter
19
20
21
22
23
24
25